## FLANNELLY v. DELAWARE & H. CO.

(Circuit Court, M. D. Pennsylvania. September 30, 1908.)

No. 124, January Term, 1908.

RAILROADS—INJURY TO PERSON ON CROSSING—CONTRIBUTORY NEGLIGENCE.

Evidence *held* to warrant a finding by the jury that a plaintiff who was struck and injured while driving over a railroad crossing, was not chargeable with contributory negligence; her own testimony being that the train was not in sight when she drove upon the crossing and had given no signals, and it further appearing that she would have passed over in safety, but for the stopping or balking of her horse when the wagon was nearly off the track.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1144–1149.]

At Law. On rule for judgment for defendant non obstante veredicto.

James H. Torrey, for the rule.
Paul J. Sherwood, opposed.

ARCHBALD, District Judge. The jury found that the defendant company was negligent in not giving due warning, by blowing the whistle of the engine, of the approach of the train to the crossing where the plaintiff was struck and injured, and I see no occasion to disturb that finding, in view of the conflicting evidence on the subject.

The right to judgment notwithstanding the verdict depends, therefore, on whether the plaintiff was clearly convicted of contributory negligence on the undisputed evidence. It is said that she was, by her own testimony that she drove right onto the track where she was injured as soon as the train which was passing on the track beyond had cleared the crossing, without waiting until she got an unobstructed view in the direction from which the train that struck her was coming; the view being obscured by a curve in the track, and the passing train being made up of high box cars. I confess that this was the impression I got at the trial, and I charged the jury accordingly. But upon going over the stenographer's notes I find that I was mistaken, or, at least, it was not so clear that I would have been justified in taking the case from the jury and directing a verdict, and, if so, I cannot now enter judgment notwithstanding it. The evidence, of course, was for the jury, unless so completely one way that there could be but one conclusion to be drawn from it. And the rule with regard to contributory negligence having been fully explained to them, it must be assumed that they properly applied it, and found that the plaintiff did not drive onto the tracks until she had waited a suitable time, so as to have a sufficient view and be able to make such an observation, as was required of her before doing so. Besides that, it is the uncontradicted evidence that the horse stopped or balked just as he got upon the track, without which the plaintiff would have got safely over; the train, as it was, merely striking the hind wheel of the wagon. It was thus the unexpected action of the animal which really brought about the accident; the plaintiff having apparently started in sufficient time to get across if this had not happened, the train, according to her statement, not having yet come in sight. If, therefore, she was not negligent in starting to cross, as the jury in this view of the evidence might properly find, there was nothing to stand in the way of a recovery.

And the rule for judgment non obstante veredicto must be discharged.